[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION de DEFENDANT'S MOTION FOR CONTEMPT (#114.50)
The parties' marriage was dissolved by judgment entered December 9, 1988 which incorporated a Stipulated Agreement which provided, inter alia, that the defendant was to quit claim his interest in 8 Pond View Drive, Prospect, Connecticut and the plaintiff was to execute a mortgage deed to the defendant for 45% of the net equity payable to him upon the happening of one of several events. The events and the formula for determining the CT Page 9203 value of the 45% are all defined in the judgment. Until payment of the mortgage the plaintiff was to;
 ". . . hold the defendant harmless from existing 1st mortgage on marital home and . . . plaintiff keep 1st. mortgage and credit union loans current."
The judgment further provided that,
 "Defendant to have right of redemption in event of foreclosure of 1st mortgage."
The plaintiff became sole owner of the real estate and the defendant became second mortgagee. The plaintiff failed to pay the first mortgage's installments due on or after October 1, 1989 and the mortgagee began a foreclosure action in this judicial district (#CV-90-0095692 S, The Dime Savings Bank of New York FSB. vs. Kenneth Ayotte, et al). The plaintiff listed the real estate for sale in November, 1989 at $235,000. After a judgment of foreclosure was entered on April 1, 1991, the plaintiff sold the premises for $156,900. (Defendant's Exhibits 1 and 3).
Had the first mortgage been kept current, the principal balance due at the closing was $116,000. The tax adjustment in favor of the buyer was $1,640.73. (Defendant's Exhibit #1). The seller's remaining expenses of sale totaled $12,215.16 less $38.40 accrued mortgage interest which is deducted as plaintiff's sole responsibility, but plus $500 previously paid by the plaintiff to her closing attorney leaving a revised total of $12,676.76. (Defendant's Exhibit #2).
A judgment lien for chiropractic services is included in the revised total. The plaintiff's parents were entitled to receive $3,000 from the proceeds. Also to be deducted were the postal credit union loans as on plaintiff's affidavit of December 9, 1988 listed as $8,589.90, $9162.28 and $4,839.71, a total of $22,591.89.
The defendant's brief deducts only:
 "Balance existing credit union loan as of 12-9-88 (Testimony of Maria E. Stevens) $1,178.96"
However the judgment clearly states:
"Fair market value of sales price less
A) Bal. then due on existing 1st CT Page 9204 mtg.
 B) Costs of sale (Broker, legal, Adjustments) as and if incurred
C) $3000 to plaintiff's parents
 D) Bal. due postal credit union loans as shown on plaintiff's financial except the balance due for the car loan on son Peter's Toyota. Balance due means balances of existing loans as of 12/9/88. (Emphasis added)
Therefore to summarize the net proceeds derived from the sale;
 Sales Price: $156,900.00 1st Mortgage Balance: -116,000.00 ------------ $ 40,900.00
 Expenses of Sale: $ 40,900.00 (con't.) — 12,676.76 ----------- Credit Union Loans: $ 28,223.24 — 22,591.89 ----------- Plaintiff's Parents: $ 5,631.35 — 3,000.00
Net Equity: $ 2,631.35
45% of Equity: $ 1,184.10
The defendant has failed to demonstrate that the sale was not at "arm's length" or that the sales price did not represent fair market value. That being true, the intervening foreclosure caused by the plaintiff's failure to pay the mortgage installments resulted in no loss to the defendant that has been established by the evidence before the court. The defendant's 45% share of the net proceeds is $1,184.10 which the plaintiff has failed to pay to defendant.
The court finds no contempt for the defendant has been claiming more money from the plaintiff, which the court finds unproven. The plaintiff paid the expenses of the foreclosure thereby holding the defendant harmless. CT Page 9205
The defendant's motion to adjudge the plaintiff in contempt of court is denied.
HARRIGAN, J.